IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAYSON GUERIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE RANAPAHC GROUP LLC | ) |
| dba CHAPANAR'S QUIKEYS and | ) |
| DANIEL CHAPANAR, | ) |
| | ) |
| Defendants. | ) **JURY DEMAND ENDORSED HEREON** |

Plaintiff Jayson Guerin ("Plaintiff") alleges as follows for his Complaint against Defendants The Ranapahc Group LLC dba Chapanar's QuiKEYS ("QuiKEYS") and Daniel Chapanar ("Chapanar") (collectively "Defendants"):

1. Plaintiff worked as an automotive lock technician for Defendants starting in or about May 2024 through on or about October 16, 2024.

2. Defendant The Ranapahc Group LLC does business as Chapanar's QuiKEYS and is an Ohio limited liability company, doing business in Stark County, Ohio.

3. Defendant Daniel Chapanar has an ownership interest in QuiKEYS.

4. Chapanar controls significant aspects of QuiKEYS's day-to-day functions.

5. Chapanar acted directly or indirectly in the interest of QuiKEYS in relation to Plaintiff.

6. Chapanar was involved in the day-to-day operation of QuiKEYS, had some direct responsibility for the supervision of Plaintiff, and was directly involved in making decisions concerning the payment (and non-payment) of overtime wages to Plaintiff.

7. Chapanar had an economic interest in not paying Plaintiff time-and-a-half overtime wages for all hours worked.

8. At all times during his employment for Defendants, Defendants paid Plaintiff on a salary basis.

9. Defendants did not make or keep any records reflecting the hours worked each day and each work week by Plaintiff.

10. Even though he was salaried, Plaintiff was a non-exempt employee entitled to time and a half overtime payments for all work over 40 in a week.

11. Plaintiff often worked more than 40 hours per week for Defendants but was not paid time and a half overtime wages for hours worked over 40 in a week.

12. Defendants terminated Plaintiff in retaliation of his complaints on or about October 16, 2024. Hours before terminating Plaintiff, Chapanar texted Plaintiff that "I have also heard you had concern over 'time reporting.' For salaried employees there is no requirement for the company to track, report, and keep employee hours. . . . [F]or QuiKEYS, since every employee gets their base salary plus a substantial bonus, there are ZERO grounds for this to every [sic] be an issue." Defendants misstated the overtime laws, because legally QuiKEYS is required to pay overtime to salaried employees unless they are exempt under the overtime laws. Plaintiff, however, was a non-exempt employee.

13. The very next day after Defendants terminated Plaintiff, Chapanar offered to rehire Plaintiff if, among other conditions, Plaintiff agreed to not hold "'federal laws' over [Chapanar's] head."

14. This Court has federal subject matter and personal jurisdiction over the claims raised in this Complaint and has supplemental jurisdiction over all state law claims.

15. Venue is proper in the Northern District of Ohio.

16. Plaintiff has hired the undersigned counsel and have agreed to pay them reasonable attorney's fees and costs if they are successful on one or more of the claims set forth herein.

17. Plaintiff consents to become a party plaintiff in this action and has attached his written consent hereto as Exhibit A.

## COUNT I
## UNPAID OVERTIME WAGES

18. Plaintiff re-alleges each allegation set forth in paragraphs 1-17 above.

19.  Defendants are required to comply with overtime requirements set forth in the Ohio Revised Code and the Fair Labor Standards Act, 29 U.S.C. Sections 201, et seq.

20. QuiKEYSs revenues exceed $500,000 per annum.

21. Defendants are an enterprise engaging in interstate commerce.

22. Defendants have violated Ohio Revised Code Sections 4111.03 and 4111.10 and the Fair Labor Standards Act by not paying Plaintiff time-and-a-half overtime wages for hours that Plaintiff worked in excess of 40 in a workweek.

23. Defendants' conduct with regard to not paying time-and-a-half overtime wages to Plaintiff was willful.

24. Plaintiff has been damaged by Defendants' nonpayment of time-and-a-half overtime wages.

25. Plaintiff is entitled to liquidated damages of one times unpaid overtime compensation pursuant to the Fair Labor Standards Act.

26. Defendant is liable for Plaintiff's attorney's fees and costs pursuant to the Fair Labor Standards Act and Ohio Revised Code Section 4111.10(A).

**COUNT II**
**RETALIATION**

27. Plaintiff re-alleges each allegation set forth in paragraphs 1 to 26 above.

28. Plaintiff opposed and complained about Defendants' unlawful overtime wage practices.

29. Plaintiff had a reasonable belief that Defendants were engaging in unlawful overtime wage practices.

30. Defendants retaliated against Plaintiff by terminating him because of Plaintiff's opposition and complaints about Defendants' unlawful overtime wage practices.

31. Plaintiff has been damaged by Defendants' retaliation.

32. Defendants' conduct is the cause of Plaintiff's damages.

33. Defendants acted with actual malice, entitling Plaintiff to punitive damages.

34. Plaintiff is entitled to compensatory damages under the Fair Labor Standards Act for Defendants' violation of Section 15(a)(3) of that Act (28 U.S.C. Section 215(a)(3)).

35. Defendants are liable for Plaintiff's attorney's fees and costs pursuant to the Fair Labor Standards Act.

4

## COUNT III
## OHIO PROMPT PAY STATUTE VIOLATION

36.  Plaintiff re-alleges each allegation set forth in paragraphs 1-35 above.

37.  QuiKEYS is required make semimonthly payment of wages to Plaintiff pursuant to Ohio Revised Code Section 4113.15.

38.  Plaintiff's unpaid time-and-a-half overtime wages have been unpaid for more than thirty days beyond his last regularly scheduled payday.

39.  Plaintiff is entitled to liquidated damages in an amount equal to six percent of his unpaid wages, or $200.00 per paycheck, whichever is greater, pursuant to Ohio Revised Code Section 4113.15.

## COUNT IV
## NEGLIGENT TRAINING & SUPERVISION

40. Plaintiff re-alleges each allegation set forth in paragraphs 1 to 39 above.

41. QuiKEYS had a duty to use due care in training and supervising its employees, including but not limited to Kim Shackle and other QuiKEYS payroll department personnel.

42. QuiKEYS breached its duty to use due care in training and supervising its employees.

43. Plaintiff has been damaged by QuiKEYS' failure to use due care.

44. QuiKEYS' conduct is the cause of Plaintiff's damages.

## COUNT V
## CIVIL ACTION FOR DAMAGES FOR CRIMINAL ACT

45. Plaintiff re-alleges each allegation set forth in paragraphs 1-44 above.

46. Plaintiff brings this action pursuant to Ohio Revised Code Section 2307.60.

5

47. Pursuant to Ohio Revised Code Section 2307.60, anyone injured in person or property by a criminal act may recover full damages in a civil action.

48. Plaintiff has been injured by QuiKEYS' criminal actions.

49. QuiKEYS has committed a criminal act pursuant Ohio Revised Code Section 4111.99 in conjunction with Ohio Revised Code Section 4111.13(C) by paying Plaintiff at a rate less than the rate applicable under Ohio Revised Code Section 4111.03.

50. QuiKEYS has committed a criminal act pursuant to Ohio Revised Code Section 4111.99 in conjunction with Ohio Revised Code Section 4111.13(B) by retaliating against Plaintiff for complaining about unpaid overtime under Ohio Revised Code Section 4111.03.

51. QuiKEYS has committed a criminal act pursuant to Ohio Revised Code Section 4113.99 in conjunction Ohio Revised Code Section 4113.15 by failing to pay Plaintiff the wages he is owed within thirty days of the regularly scheduled payday.

52. QuiKEYS has committed a criminal act pursuant to Ohio Revised Code Section 4111.99 in conjunction with Ohio Revised Code Sections 4111.08 and 4111.14(F) by not keeping time records regarding the hours worked each day and each week by Plaintiff.

53. QuiKEYS acted with actual malice, entitling Plaintiff to punitive damages.

54. Plaintiff is entitled to his statutory attorney's fees and costs pursuant to Ohio Revised Code Section 2307.60.

WHEREFORE, Plaintiff demand judgment against Defendants for his unpaid overtime, liquidated damages for failure to pay overtime, lost back pay and front pay and bonuses and lost fringe benefits, non-economic damages such as emotional pain, suffering, inconvenience,

physical anguish, and loss of enjoyment of life, any other compensatory damages, punitive damages, prejudgment interest at the statutory rate, post-judgment interest, attorney's fees and costs, and all other relief to which he is entitled.

JURY TRIAL DEMANDED.

Respectfully submitted,

/s/ Stephan I. Voudris
Stephan I. Voudris, Esq.
Supreme Court No. 0055795
Voudris Law LLC
8401 Chagrin Road, Suite 8
Chagrin Falls, OH 44023
svoudris@voudrislaw.com
440-543-0670
440-543-0721 (fax)

*Counsel for Plaintiff*